IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mandriez Spivey, | ) C/A No.  2:14-1145-TMC-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden M. Travis Bragg, | ) |
| FCI Bennettsville, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

Petitioner, Mandriez Spivey ("Petitioner"), is a federal prisoner in Federal Correctional Institution Bennettsville ("FCI Bennettsville") in Bennettsville, South Carolina. Petitioner, proceeding pro se and in forma paupers, filed this Amended Petition (ECF No. 4) seeking to challenge two state convictions that were used to enhance the federal sentence he is currently serving. Amended Petition, ECF No. 4, p. 2-7. Petitioner claims his current incarceration is a fundamental miscarriage of justice, in violation of his constitutional due process rights, because he is factually innocent of the state convictions, for aggravated assault and aggravated stalking, which were used to enhance his federal sentence. Id. at 7. Petitioner also alleges that his federal sentence was miscalculated due to a failure to award him jail time credit for a period of time while in a local detention center and federal custody. Id. at 8. Petitioner seeks to "be given time served for the jail credit" and "to be able to challenge the validity of the prior offenses and . . . to be sentence[d] correctly." Id. This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

**PRO SE HABEAS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of this Amended Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

**BACKGROUND**

On July 8, 2010, in the United States District Court for the Middle District of Georgia, Petitioner entered a plea of guilty to a single-count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

2

924(a)(2).[2]  On November 3, 2010, Petitioner was sentenced to eighty-five (85) months imprisonment followed by three (3) years of supervised release.  Petitioner filed a direct appeal, on November 18, 2010, arguing that the district court erroneously calculated his base offense level by determining that his prior aggravated stalking conviction qualified as a crime of violence.  Petitioner's conviction and sentence were affirmed by the United States Eleventh Circuit Court of Appeals on August 10, 2011.  On August 23, 2011, Petitioner filed a motion in the sentencing court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which was denied on November 19, 2012.  Spivey v. United States, C/A No. 5:10-CR-17 (CAR)/5:11-90111 (CAR) (M.D.Ga.).  In his § 2255 motion, Petitioner raised one ground alleging multiple claims of ineffective assistance of counsel, one ground challenging his prior state court aggravated assault conviction used to enhance his sentence, and one ground alleging that the information used to calculate his sentencing guideline range violated his due process rights.

On June 7, 2011, Petitioner filed a § 2254 habeas petition in the United States District Court for the Middle District of Georgia, challenging the validity of his January 14, 1998 aggravated assault conviction in the Superior Court of Bibb County, Georgia, for which he was sentenced to five years probation.  Spivey v. Highmax SMU, C/A No. 5:11-cv-224-MTT-CHW (M.D.Ga.).  At the time, Petitioner was incarcerated in the Georgia Diagnostic and Classification Prison pursuant to an eighteen-month sentence imposed in

---

[2] The undersigned takes judicial notice of Petitioner's prior criminal and collateral proceedings in the United States District Court for the Middle District of Georgia.  See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

a 2007 conviction from the Superior Court of Lamar County, Georgia. Petitioner's § 2254 habeas petition was dismissed with prejudice, because the court determined that Petitioner was no longer "in custody" with respect to the 1998 conviction. The court found that, although Petitioner's earlier expired conviction may have been used to enhance his 2007 state court sentence, it was not subject to review under § 2254, pursuant to <u>Lackawanna County Dist. Att'y v. Coss</u>, 532 U.S. 394 (2001), <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), and <u>Birotte v. Secretary for the Dep't of Corrections</u>, 236 F. App'x 577 (11th Cir. 2007).

Petitioner is currently incarcerated within the jurisdiction of the District of South Carolina, therefore this Court has jurisdiction to address his habeas claims, provided they are properly raised under § 2241. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-45 (2004). Petitioner filed his original § 2241 petition in this case (ECF No. 1) on March 26, 2014. He filed his Amended Petition (ECF No. 4) on April 4, 2014. As noted above, Petitioner seeks "to be able to challenge the validity of the prior [state court] offenses," which were used to enhance his federal sentence, and "to be sentence[d] correctly." Petitioner also seeks credit on his federal sentence for the period of time while in a local detention center and federal custody.

## DISCUSSION

A statutory framework for federal post-conviction relief from judgments of conviction is established by 28 U.S.C. §§ 2254, 2255, and 2241. Generally, a prisoner in custody under a state court judgment may collaterally attack a conviction under § 2254, and a federal sentence is subject to collateral attack under § 2255. If a federal prisoner attacking

4

the validity of a federal conviction and sentence can satisfy the savings clause of § 2255,[3] however, he may pursue relief through a § 2241 habeas petition.[4]  See <u>San-Miguel v. Dove</u>, 291 F.3d 257, 260–61 (4th Cir. 2002); <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000).  To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in <u>Jones</u>, 226 F.3d at 333-34.  The test provided in <u>In re Jones</u> requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's

---

[3]  The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[4]  Second or successive § 2255 petitions are prohibited unless the second or successive petition is

> certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Id.

Here, Petitioner does not directly challenge his federal conviction, but files this § 2241 habeas petition indirectly challenging it, by challenging the two state court convictions that were used to enhance his federal sentence. The United States Supreme Court has addressed the issue of collateral challenges to prior state convictions used to enhance a federal sentence. In the context of a § 2254 habeas petition attacking a state conviction used to enhance a federal sentence, the Supreme Court held, as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).[5] Petitioner is aware of the holding in Lackawanna, because the sentencing court discussed the Supreme Court's decision in its order denying Petitioner's § 2254 petition. Similarly, the Supreme Court, in the context of a motion under § 2255 attacking a state conviction used to enhance a federal sentence, held, as follows:

---

[5] Although the Lackawanna Court noted that failure to appoint counsel in violation of the Sixth Amendment was a narrow exception, Petitioner's collateral attack is based on ineffective assistance of counsel, not failure to appoint counsel. Lackawanna Cnty. Dist. Attorney, 532 U.S. at 404.

6

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels v. United States, 532 U.S. 374, 382 (2001).[6]  Based on the reasoning of Lackwanna and Daniels, Petitioner's state court convictions are conclusively valid because they have expired and Petitioner is no longer in custody under them.  Additionally, they were unsuccessfully challenged in their own right, in Petitioner's prior § 2254 action, and thus are not subject to collateral attack under § 2241.

Although not able to directly challenge the predicate state court convictions in a motion under § 2255, the Supreme Court instructs that if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences."  Custis v. United States, 511 U.S. at 497.  The Supreme Court explains that "[o]ur system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction.  He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254."  Daniels, 532 U.S. at 381 (citations omitted).  Only after a petitioner is successful in vacating a state court conviction through one of these available avenues, may he then apply under § 2255 to reopen his federal sentence enhanced by the vacated state

---

[6] The Supreme Court acknowledged that a Sixth Amendment violation in failing to appoint counsel could be a narrow exception to a collateral challenge.  Daniels, 532 U.S. at 382.  Petitioner's § 2241 collateral attack does not fall within this exception because his claim is based on ineffective assistance of counsel rather than failure to appoint counsel.

conviction. Johnson v. United States, 544 U.S. 295, 310 (2005) (a defendant must act diligently from the date the district court enters judgment in the federal case to obtain the state-court order vacating the predicate conviction). Petitioner in this case has not successfully challenged the underlying state convictions used to enhance his federal sentence and, in fact, his § 2254 petition was denied by the United States District Court for Middle District of Georgia in 2011. However, even if Petitioner had been successful in vacating his state court convictions, he must then challenge his federal sentence in the sentencing court through a § 2255 motion, not in a collateral attack under 28 U.S.C. § 2241. Johnson, 544 U.S. at 310; United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (context of § 2255 motion to vacate based on vacated state court convictions previously used to enhance challenged federal sentence).

The instant Petition claims Petitioner's "actual innocence of [the] 1997 aggravated ass[a]ult crime which was a[n] aggravated ass[a]ult on a police cha[r]ge and possession of a concealed weapon, but [Petitioner] plead[ed] to a lesser plea." Amended Petition, ECF No. 4, p. 6. Petitioner also alleges his "actual innocence to aggravated stalking, 59453 [,] which was used to enhance [Petitioner's] federal sentence," based on his continued relationship with the victim, who is the mother of Petitioner's child." Id. at 7. The Fourth Circuit holds that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." Pettiford, 612 F.3d at 284. Here, Petitioner does not demonstrate actual innocence which could

excuse procedural default to allow for collateral review.[7] In as much as Petitioner's § 2241 Petition can be construed as challenging his federal sentence enhanced by the state court convictions, Petitioner's post-conviction remedy is confined by the § 2255 savings clause, i.e. 28 U.S.C. § 2255(e). As noted above, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention," is a petition under § 2241 available for a federal prisoner to collaterally attack his sentence. Id. It is well settled that the fact that a § 2255 action may be untimely or successive does not render the § 2255 remedy inadequate or ineffective.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to satisfy the test of In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The instant Petition does not satisfy the elements of the Jones test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Petitioner does not invoke the savings clause of § 2255 that could allow his petition attacking his federal sentence, enhanced by two state convictions, to be considered under

---

[7] Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

§ 2241. Petitioner does not raise a claim that may be considered under § 2241, so his petition should be summarily dismissed.

To the extent that Petitioner also attempts to challenge the execution of his federal sentence based on his claim that he was not given proper credit for jail time served prior to his conviction and sentence,[8] it is obvious from the face of the Petition and attached documents that Petitioner has failed to exhaust his administrative remedies within the Bureau of Prisons, in connection with this issue, before filing this Petition. See Petition, ECF No. 1, p. 5-7, Amended Petition, ECF No. 4, p. 2-4. Under 18 U.S.C. § 3585(b), the Bureau of Prisons is prohibited from applying any prior custody credit toward a federal sentence unless the prior time served was a result of (1) the offense for which the current sentence was imposed or (2) a charge for which the petitioner was arrested after the commission of the offense for which the current sentence was imposed.

Moreover, prior custody credit cannot be granted if the prisoner already received the credit toward another sentence. 18 U.S.C. § 3585(b). It is well-established that a request for credit for prior custody under 18 U.S.C. § 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. See United States v. Wilson, 503 U.S. 329, 334 (1992) ("[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at

---

[8] A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678–79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); Manigault v. Lamanna, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers.").

sentencing."). Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, see Wilson, 503 U.S. at 335, by filing a habeas petition under 28 U.S.C. § 2241. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). Here, Petitioner alleges that he has not filed a request and appeal of any decision of the Federal Bureau of Prisons through the available procedures in the administrative remedy program, because it was "unne[c]essary." (See Dkt. No. 1 at 5-6 of 11; Dkt. No. 4 at 2-4 of 9.) After Petitioner exhausts his administrative remedies, he may then file a § 2241 petition to challenge the Bureau of Prison's calculation of the credit to which he should be entitled for his time spent in the Bibb County detention center.

## RECOMMENDATION

Accordingly, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

April 16, 2014                                           s/Bruce Howe Hendricks
Charleston, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).